UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JEFFREY BARRETT                                                                          PLAINTIFF


v.                                                                    CIVIL ACTION NO. 3:15-cv-00698-CRS


FIFTH THIRD BANK AND
TRANS UNION, LLC                                                                        DEFENDANTS


## MEMORANDUM OPINION

This matter is before the Court on Defendant Fifth Third Bank's Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim. Plaintiff Jeffrey Barrett filed this suit against Fifth Third Bank and Trans Union, LLC alleging claims of (1) negligence; (2) defamation; (3) negligent violation of the Fair Credit Reporting Act ("FCRA"); (4) willful violation of the FCRA; and (5) violation of the Truth in Lending Act ("TILA").

Barrett's claims stem from a mortgage refinance in 2012 between the co-obligors, Barrett and his wife, and Fifth Third Bank. In April 2013, Barrett's wife filed suit against Fifth Third Bank alleging similar claims surrounding the same incident. *See Barrett v. Fifth Third Bank et al.*, Civil Action No. 3:13-cv-00494-CRS.

For the reasons stated below, the Court will grant Fifth Third Bank's motion to dismiss Plaintiff's claims against it.

## Standard

When evaluating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing Twombly, 550 U.S. at 556). Although the complaint need not contain "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and alteration omitted).

## Discussion

I. Barrett's Negligence and Defamation Claims

Barrett alleges a negligence claim against Fifth Third Bank stemming from negligent failure to properly refinance a mortgage in 2012 and Fifth Third Bank's alleged false credit reporting. Barrett also alleges a defamation claim against Fifth Third Bank stemming from alleged publications concerning Barrett's creditworthiness and delinquent debt.

1. *Barrett's Negligence Claim Related to the 2012 Refinance*

Barrett withdrew his negligence claim related to the 2012 refinance. *See* Pl.'s Resp. 2, n.1, ECF No. 16. The Court will dismiss Barrett's negligence claim related to the 2012 refinance.

2. *Fair Credit Reporting Act Preemption of State Law Negligence and Defamation Claims*

Barrett's FCRA negligence and defamation claims are deficient as a matter of law. Under 15 U.S.C. § 1681h(e):

> no consumer may bring any action or proceeding in the nature of defamation … or negligence with respect to the reporting of information against … any person who furnishes information to a consumer reporting agency … except as to false information furnished with malice or willful intent to injure such consumer.

Barrett alleges state law claims of negligence and defamation against Fifth Third Bank relating to the bank's reporting of credit information to a credit reporting agency. Therefore, Barrett must also allege that the information underlying the negligence and defamation claims was furnished with malice or willful intent to injure the consumer. Barrett has not pleaded in his complaint any factual allegation supporting an assertion that the bank acted with malice or willful intent to injure. Therefore, FRCA preempts Barrett's negligence and defamation claims.

The Court will dismiss Barrett's negligence and defamation claims.

II. Fair Credit Reporting Act Claims

Barrett alleges Fifth Third Bank negligently and willfully violated FCRA under 15 U.S.C. § 1681s-2(b). While Barrett's complaint may be construed to also allege a cause of action under Section 1681s-2(a), there is – as both parties agree in subsequent motions – no private cause of action under this section. *See Boggio v. USAA Fed. Sav. Bank*, 696 F.3d 611, 615 (6th Cir. 2012).

Under 15 U.S.C. § 1681s-2(b), a plaintiff may bring a private cause of action for failure to investigate a consumer's dispute of inaccurate credit reporting. However, Barrett has not alleged anywhere in his complaint or provided any factual support that Fifth Third Bank did not reasonably investigate Barrett's dispute of the bank's credit reporting. Barrett's allegations are

devoid not only of "naked assertions" but any "further factual enhancement" as required to sufficiently plead a claim. *Twombly*, 550 U.S. at 555.

  The Court will dismiss Barrett's FCRA claims.

III. <u>Truth in Lending Act Claims</u>

  To state a claim under 15 U.S.C. § 1666(a), a plaintiff must provide written notice to the defendant that:

> (1) sets forth or otherwise enables the creditor to identify the name and account number (if any) of the obligor,
> (2) indicates the obligor's belief that the statement contains a billing error and the amount of such billing error, and
> (3) sets forth the reasons for the obligor's belief (to the extent applicable) that the statement contains a billing error….

Barrett does not allege he provided Fifth Third Bank *any* written notice. Barrett does allege that he contacted Trans Union and that he believes Trans Union notified Fifth Third Bank. *See* Compl. ¶¶ 22 – 23. This is insufficient to state a claim under TILA and Section 1666(a).

  The Court would also be inclined to find Barrett's TILA claim is time barred. Under 15 U.S.C. § 1640(e), claims under TILA, including a claim under Section 1666(a), must be brought "within one year from the date of the occurrence of the violation." The Court measures this one year limitation beginning when a plaintiff "discovered or had a reasonable opportunity to discover the TILA violation." *Jones v. TransOhio Sav. Ass'n*, 747 F.2d 1037, 1039 (6th Cir. 1984). Here, by April 2013, Barrett's wife had disputed Fifth Third Bank's reporting of the relevant mortgage and filed a lawsuit against the bank making a similar TILA violation claim. Barrett's wife and co-obligor bringing a TILA claim demonstrates Barrett had a reasonable opportunity to discover Fifth Third Bank's alleged error in credit reporting. Barrett filed this TILA claim more than a year after April 2013. Therefore, his TILA claim is time barred.

  The Court will dismiss Barrett's TILA claim against Fifth Third Bank.

IV. Barrett's Request for Leave to File an Amended Complaint

Barrett requests the Court permit him to amend his complaint. Under Fed. R. Civ. P. 15(a)(2), this Court "should freely give leave [for a party to amend the complaint] when justice so requires." Not only has Barrett not tendered an amended complaint, he has not provided any indicia that an amended complaint would be anything other than futile. The Court will not grant Barrett leave to amend his complaint.

V. Conclusion

The Court will grant Fifth Third Bank's motion to dismiss Barrett's claims against it. The Court will enter a separate order in accordance with this opinion.

February 11, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**